**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DARIUS RUSH,

    Petitioner,              Case Number 2:20-CV-11540
v.                               HONORABLE DENISE PAGE HOOD

O'BELL T. WINN,

    Respondent.
_____/

**OPINION AND ORDER GRANTING THE MOTION FOR AN EVIDENTIARY HEARING (ECF No. 24), APPOINTING COUNSEL FOR PETITIONER, GRANTING THE MOTION TO STRIKE THE REPLY BRIEF (ECF No. 20), GRANTING THE MOTIONS TO AMEND OR SUPPLEMENT THE REPLY (ECF No. 22, 23), DENYING THE EMERGENCY MOTION FOR BOND (ECF No. 21), AND SETTING DEADLINE FOR THE PARTIES TO FILE SUPPLEMENTAL BRIEFS**

Petitioner, Darius Rush, filed a *pro se* application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for first-degree home invasion and conspiracy to commit first-degree home invasion. Petitioner alleges he was constructively denied the assistance of trial counsel because his attorney failed to challenge the voluntariness of petitioner's confession, failed to cross-examine a single witness, and failed to allow petitioner to testify. For the reasons that follow, the Court orders an evidentiary hearing on petitioner's claim. The Court also grants an evidentiary hearing on petitioner's related claim that appellate counsel was ineffective for failing to raise this claim on his appeal of right.

1

The Court will appoint counsel to represent petitioner at the hearing. Petitioner's appointed counsel shall have one hundred and twenty days following this order to file a supplemental brief on petitioner's behalf. Respondent shall have sixty days following receipt of the supplemental brief to file a supplemental answer. The Court grants petitioner's motion to strike his reply brief and his related motions for leave to file an amended reply brief. The Court denies the motion for bond.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner was convicted following a jury trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal, although his case was remanded for re-sentencing. *People v. Rush*, No. 312055, 2014 WL 1515270 (Mich. Ct. App. Apr. 17, 2014).

Petitioner filed a post-conviction motion for relief from judgment with the trial court. In his motion, petitioner raised for the first time his claim that he was constructively denied the assistance of trial counsel because of his trial counsel's failure to challenge the prosecutor's case in any meaningful way. Petitioner also argued that appellate counsel was ineffective for failing to raise this claim on his appeal of right. Petitioner requested an evidentiary hearing on his claims. The trial court judge denied the motion, in part because petitioner failed to show cause and prejudice under M.C.R.

6.508(D)(3) for not raising these claims on his appeal of right, and in part because petitioner failed to show that counsel's inactions were ineffective assistance of counsel within the meaning of *Strickland v. Washington,* 466 U.S. 688 (1984). Significantly, the judge never addressed petitioner's constructive denial of counsel claim. *People v. Rush,* No. 12-001081-FC (Wayne County Circuit Court Feb. 4, 2019)(ECF No. 18-16, PageID.2252-60). The Michigan Court of Appeals denied petitioner leave to appeal on the ground that petitioner failed to establish that the trial court erred in denying the motion for relief from judgment. *People v. Rush,* No. 349890 (Mich. Ct. App. Sept. 23, 2019)(ECF No. 18-16, PageID.2212). The Michigan Supreme Court denied petitioner leave to appeal pursuant to M.C.R. 6.508(D). *People v. Rush*, 505 Mich. 1040, 941 N.W.2d 663 (2020).

Petitioner now seeks habeas relief on the following grounds: (1) petitioner was constructively denied the assistance of trial counsel, and (2) appellate counsel was ineffective for failing to raise this claim on petitioner's appeal of right.

## II. DISCUSSION

### A. The motion for an evidentiary hearing is GRANTED.

The Court grants petitioner an evidentiary hearing on his constructive denial of trial counsel claim because the claim, if proven, could entitle him

3

to habeas relief. To the extent petitioner argues that appellate counsel was ineffective for failing to raise the claim on his appeal of right, so as to excuse any possible procedural default, petitioner is entitled to an evidentiary hearing on this claim as well.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant normally must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. Second, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

Petitioner argues that he was constructively denied the assistance of trial counsel because his counsel: (1) failed to challenge the voluntariness

of petitioner's confession, (2) failed to cross-examine a single prosecution witness, and (3) failed to allow petitioner to testify on his own behalf.

The Supreme Court has recognized that in certain Sixth Amendment contexts, prejudice is presumed. *Strickland,* 466 U.S. at 692. The "actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice. So are various kinds of state interference with counsel's assistance." *Id.*

Where defense counsel entirely fails to subject the prosecution's case to "meaningful adversarial testing," there has been a constructive denial of counsel, and a defendant need not make a showing of prejudice to establish ineffective assistance of counsel. *Moss v. Hofbauer,* 286 F.3d 851, 860 (6th Cir. 2002)(quoting *United States v. Cronic,* 466 U.S. 648, 659 (1984)). However, in order for a presumption of prejudice to arise based on an attorney's failure to test the prosecutor's case, so that reversal based on ineffective assistance of counsel is warranted without any inquiry into prejudice, the attorney's failure to test the prosecutor's case "must be complete." *Bell v. Cone,* 535 U.S. 685, 697 (2002).

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides a standard of review for habeas petitions brought under 28 U.S.C. § 2254:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not

be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

However, when a state court fails to adjudicate a habeas petitioner's claim on the merits, a federal court is required to review that claim *de novo.* *See Cone v. Bell,* 556 U.S. 449, 472 (2009); *see also McKenzie v. Smith,* 326 F.3d 721, 726 (6th Cir. 2003). Petitioner raised his constructive denial of counsel claim and his related ineffective assistance of appellate counsel claim in his motion for relief from judgment. The Michigan appellate courts rejected petitioner's post-conviction appeal with form orders. In reviewing a claim under the AEDPA's deferential standard of review, this Court must review "the last state court to issue a reasoned opinion on the issue." *Hoffner v. Bradshaw*, 622 F.3d 487, 505 (6th Cir. 2010)(quoting *Payne v. Bell*, 418 F.3d 644, 660 (6th Cir. 2005). This Court must therefore look to

the Wayne County Circuit Court judge's opinion denying post-conviction relief.

In rejecting the motion, the trial court judge failed to address petitioner's claim that he was constructively denied the assistance of trial counsel, choosing instead to adjudicate petitioner's claims under the *Strickland* standard.

When the evidence suggests that a federal claim is rejected by a state court "as a result of sheer inadvertence," the claim has not been adjudicated "on the merits," for purposes of applying the AEDPA's deferential standard of review contained in 28 U.S.C. § 2254(d). *See Johnson v. Williams*, 568 U.S. 289, 302-03 (2013). The trial judge, either "simply misconstrued or overlooked the actual claim that was raised." *Ray v. Bauman*, 326 F. Supp. 3d 445, 459 (E.D. Mich. 2018)(AEDPA deference did not apply to petitioner's constructive denial of counsel claim where the post-conviction judge overlooked or misconstrued petitioner's *Cronic* argument). In this case, "there are simply no results, let alone reasoning, to which this court can defer. Without such results or reasoning, any attempt to determine whether the state court decision 'was contrary to, or involved an unreasonable application of clearly established Federal law,'

28 U.S.C. § 2254(d)(1), would be futile." *McKenzie,* 326 F. 3d at 727. Accordingly, petitioner's claim would be subject to *de novo* review.

The Court further believes that petitioner is entitled to an evidentiary hearing on his claims.

A federal court must grant an evidentiary hearing to a habeas corpus applicant if:

> (1) the merits of the factual dispute were not resolved in a state hearing;
> (2) the state factual determination is not fairly supported by the record as a whole;
> (3) the fact finding procedure in state court was not adequate to afford a full and fair hearing;
> (4) there is a substantial allegation of newly discovered evidence;
> (5) material facts were not adequately developed at a state court hearing; or
> (6) for any reason it appears that state trier of fact did not afford applicant a full and fair fact hearing.

*Townsend v. Sain*, 372 U.S. 293, 313 (1963); 28 U.S.C.A. § 2243.

In deciding whether to grant an evidentiary hearing to a habeas petitioner, a federal habeas court must consider whether such a hearing could enable the habeas petitioner to prove the petition's factual allegations, which, if true, would entitle the petitioner to federal habeas relief. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). A habeas petitioner is generally entitled to an evidentiary hearing if he "alleges sufficient grounds for release, relevant facts are in dispute, and the state

8

courts did not hold a full and fair evidentiary hearing." *Sawyer v. Hofbauer,* 299 F.3d 605, 610-11 (6th Cir. 2002)(quoting *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001)(additional quotation omitted).

The AEDPA states that if an applicant for a writ of habeas corpus has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that:

(A) the claim relies on:

    (i)    a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (ii)    a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(A) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C.§ 2254 (e)(2).

Under the opening clause of § 2254 (e)(2), a failure to develop the factual basis of a claim by a habeas petitioner is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or prisoner's counsel. *Williams v. Taylor*, 529 U.S. 420, 432 (2000). Diligence for purposes of the opening clause of this subsection of

9

the AEDPA depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court; it does not depend upon whether those efforts would have been successful. *Id.* at 435. Diligence will require that the petitioner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law. *Id.*

Federal-state comity is not served by stating that a prisoner has "failed to develop the factual basis of a claim" where he was unable to develop his claim in state court despite diligent efforts to do so. In that circumstance, an evidentiary hearing is not barred by U.S.C.§ 2254 (e)(2). *Williams*, 529 U.S. at 437; *see also Gonzalez v. Phillips,* 147 F. Supp. 2d 791, 802-803 (E.D. Mich. 2001). If there is no lack of diligence at the relevant stages in the state proceedings, a petitioner has not failed to develop the facts under the opening clause of the AEDPA governing whether a federal habeas petitioner may obtain an evidentiary hearing on a claim for which a petitioner has failed to develop a factual basis in state court proceedings, and the petitioner will be excused from showing compliance with the balance of the subsection's requirements. *Id.*

The Court finds that petitioner is entitled to an evidentiary hearing on his constructive denial of counsel claim. If there are factual issues in

dispute and an insufficient record upon which to resolve a legitimate claim of ineffective assistance of counsel, a habeas court must conduct an evidentiary hearing to resolve the issue. *Paprocki v. Foltz*, 869 F.2d 281, 287 (6th Cir. 1989). As mentioned above, there are factual issues that are disputed here which were never resolved by the state courts. In addition, since there was no decision on the merits of petitioner's constructive denial of counsel claim, the Supreme Court's holding in *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) does not prohibit this Court from conducting an evidentiary hearing on his claim. *See McClellan v. Rapelje*, 703 F.3d 344, 351 (6th Cir. 2013).

The Court further finds that petitioner exercised due diligence in presenting these claims in the Michigan courts. Petitioner requested an evidentiary hearing in his post-conviction motion and in his post-conviction appeals. "[S]ection 2254(e)(2) bars evidentiary hearings only if it was the *petitioner's* fault that the factual record was not developed in state court." *James v. Brigano,* 470 F.3d 636, 642 (6th Cir. 2006)(emphasis original). "[W]here it is the state's fault that the habeas factual record is incomplete, the federal district court may grant a hearing under the AEDPA." *Gonzalez,* 147 F. Supp. 2d at 803. By moving for an evidentiary hearing in the state

trial court, petitioner exercised due diligence to meet the standard set forth in 28 U.S.C. § 2254(e)(2). *Id.*

Finally, assuming that the state trial court's decision constituted an invocation of the procedural bar found in Mich. Ct. R. 6.508(D)(3), petitioner argues that any such default should be excused because of the ineffective assistance of appellate counsel. Ineffective assistance of counsel is cause for procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). If petitioner can show that he received ineffective assistance of appellate counsel, it would excuse his procedural default for failing to raise his underlying ineffective assistance of trial counsel claims on his direct appeal in the state courts. *See Seymour v. Walker*, 224 F.3d 542, 550 (6th Cir. 2000). Petitioner is entitled to an evidentiary hearing on this claim as well.

Because this Court is ordering an evidentiary hearing, counsel will be appointed for petitioner pursuant to 18 U.S.C. § 3006A(a)(2)(B) and 28 U.S.C. § 2254 Rule 8(c). Appointment of counsel in a habeas proceeding is mandatory if the district court determines that an evidentiary hearing is required. *See Lemeshko v. Wrona,* 325 F. Supp, 2d 778, 787 (E.D. Mich. 2004). Counsel may also be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Lemeshko*, 325 F. Supp. 2d

at 788. The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

The Court will appoint counsel. Counsel shall have one hundred and twenty days from the date counsel files an appearance to file a supplemental brief on petitioner's behalf. Respondent shall have sixty days from receipt of the supplemental brief to file a supplemental answer. The Court will then set a date for an evidentiary hearing.

**A. The motion to strike the reply brief and the motions to amend the reply brief are GRANTED.**

Petitioner filed a motion to strike his reply brief and two motions to file supplemental briefs.

A court does not need to grant a habeas petitioner an extension of time to file a reply brief unless it would "assist the Court in a fair disposition of the matter." *Cf. Williams v. White*, 183 F. Supp. 2d 969, 979 (E.D. Mich. 2002). Even though this Court is appointing counsel for petitioner, the Court believes it could benefit from the supplemental reply briefs filed by petitioner. The Court grants the motion to strike the initial reply brief and the motions for leave to file an amended reply brief.

B. The emergency motion for bond is DENIED.

Petitioner filed a motion for emergency release on bond. For the reasons that follow, the motion is DENIED.

In order to receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)(quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)); *see also Nash v. Eberlin,* 437 F.3d 519, 526, n. 10 (6th Cir. 2006). There will be few occasions where a habeas petitioner meets this standard. *Dotson*, 900 F.2d at 79. Federal courts may grant bail when granting the writ. *See Sizemore v. District Court,* 735 F.2d 204, 208 (6th Cir. 1984). By implication, a federal court should not grant bail under other circumstances. In light of the fact that petitioner has failed to establish at this time that he would prevail on the merits of his claims, he is not entitled to release on bond. *See e.g. Greenup v. Snyder,* 57 F. App'x 620, 621-22 (6th Cir. 2003).

Petitioner seeks release on bond, claiming that his health is in danger because of the current Coronavirus pandemic and the risks that the virus poses to inmates. Petitioner claims that he has actually tested positive for Coronavirus in the past and suffered symptoms as a result.

The Court is sympathetic to petitioner's concerns. Nonetheless, petitioner is not entitled to emergency release on bond.

Petitioner's request to be released due to COVID-19 is completely unrelated to the claims that he wishes to raise in his habeas petition. As such, the claims and relief requested in petitioner's motion for release are "outside the scope of this lawsuit." *Ross v. Chapman*, No. 2:19-CV-13729, 2021 WL 148020, at *4 (E.D. Mich. Jan. 15, 2021). "Petitioner may not "piggy-back" a separate, unrelated claim to his habeas petition." *Id.*

There is no allegation that petitioner has been exposed again to the Coronavirus, nor has he shown that the State of Michigan is unable or unwilling to protect him and other inmates through precautionary measures. *Titus v. Nagy*, No. 2:18-CV-11315, 2020 WL 1930059, at *3 (E.D. Mich. Apr. 21, 2020), *reconsideration denied,* No. 2:18-CV-11315, 2020 WL 2733882 (E.D. Mich. May 26, 2020). The Director of the Michigan Department of Corrections (MDOC) issued a memorandum, listing in detail the numerous steps undertaken by the MDOC to protect staff and prisoners from the spread of COVID-19. The Director's memorandum outlines various precautionary measures that staff should take to prevent the spread of COVID-19. These precautionary measures include: developing isolation areas for the placement and treatment of

prisoners who (i) have tested positive for COVID-19, (ii) are under investigation for having COVID-19, or (iii) have had close contact with known-positive COVID-19 individuals; the wearing of protective gear; the screening of individuals entering correctional facilities; and social distancing. *Id.*

Governor Gretchen Whitmer also promulgated certain protocols to mitigate the spread of COVID-19 among state prisoners and employees who work in state prisons. Executive Order 2020-119 requires MDOC to continue the risk-reduction protocols already in place and implemented in its facilities. These protocols include: screening persons entering and departing facilities; restricting visitors; limiting off-site appointments; developing and implement protocols for inmates with COVID-19 symptoms; providing personal protective equipment for staff; stringently cleaning areas and surfaces; ensuring access to personal hygiene products; practicing social distancing; and minimizing crowding. *Id.*

The extensive precautionary measures undertaken by the MDOC to limit inmates' exposure to Covid-19 at the direction of the Governor and the Director of the MDOC rebut petitioner's argument that exceptional circumstances exist to justify his release on bond.

### III. ORDER

Based upon the foregoing, IT IS ORDERED that:

(1) the motion for an evidentiary hearing (ECF No. 24) is **GRANTED**.

**(2)** Counsel is appointed to represent petitioner. Counsel has **one hundred and twenty** days from the date appointed counsel files an appearance to file a supplemental brief. Respondent has **sixty days** from receipt of the supplemental brief to file a supplemental answer. The Court will set an evidentiary hearing date upon receipt of the supplemental briefs.

(3) The motion to strike the reply brief (ECF No. 20) and the motions to file an amended reply brief (ECF Nos. 22, 23) are **GRANTED**.

**(4)** Petitioner's motion for bond (ECF No. 21) is **DENIED**.

                                                s/Denise Page Hood
                                                CHIEF UNITED STATES DISTRICT JUDGE

Dated: May 12, 2021