# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DARIUS RUSH,

    Petitioner,

                                        Case No. 20-11540

v.

                                        HON. DENISE PAGE HOOD

O'BELL T. WINN,

    Respondent.

_____/

## ORDER DENYING MOTION FOR BOND

This matter is before the Court on Petitioner Darius Rush's Motion for Bond. On June 1, 2020, Petitioner Darius Rush filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his conviction for first-degree home invasion and conspiracy to commit first-degree home invasion. On re-sentencing, the trial judge sentenced Petitioner to 145 months to 20 years of imprisonment on the Home Invasion 1st Degree, consecutive to 87 months to 20 years on the Conspiracy to Commit Home Invasion 1st Degree. (ECF Nos. 18-1, PageID.203; 18-8, PageID.1044) Petitioner now seeks habeas relief on the following grounds: 1) he was constructively denied the assistance of trial counsel, and 2) appellate counsel was ineffective for failing to raise this claim on petitioner's appeal of right. An evidentiary hearing was held on August 24, 2022 on the ineffective assistance of counsel claim. Post-hearing briefs and this

Court's ruling are pending.

To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts *and* exceptional circumstances justifying special treatment in the interest of justice. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)(quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)); *See also Nash v. Eberlin*, 437 F. 3d 519, 526, n. 10 (6th Cir. 2006). There will be few occasions where a habeas petitioner meets this standard. *Dotson*, 900 F. 2d at 79. A habeas petitioner is appealing a presumptively valid state conviction, it is the "very unusual case" where a habeas petitioner is given bail prior to a decision on the merits in the habeas case. *Lee*, 989 F.2d at 871.

Petitioner argues he has made a showing of a substantial claim of law and that exceptional circumstances justify the special treatment in the interest of justice in that his counsel was ineffective. Because the Court has held an evidentiary hearing on Petitioner's case and the parties are preparing their post-hearing briefs, the ineffective assistance of counsel claim is now under advisement by the Court. It may well be that Petitioner has shown a substantial claim of law. However, because the exceptional circumstances he cites as special treatment in the interest of justice is the legal and factual issue of ineffective assistance of counsel, the Court will not make such a determination on this issue until after the parties have submitted their post-hearing

briefs.

Accordingly,

IT IS ORDERED that Petitioner's Motion for Bond (ECF No. 38) is DENIED.


s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: October 3, 2022