**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DARIUS RUSH,

      Petitioner,             Case Number 2:20-CV-11540
                                 HONORABLE DENISE PAGE HOOD

v.

ADAM DOUGLAS,

      Respondent.

_____/

## OPINION AND ORDER DENYING THE
## MOTION FOR RECONSIDERATION (ECF No. 73)

Petitioner, Darius Rush sought a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. This Court granted the petition, finding that petitioner had been constructively denied the assistance of trial counsel and that appellate counsel had been ineffective for failing to raise this claim on his appeal of right. *Rush v. Douglas*, No. 2:20-CV-11540, 2023 WL 4874774 (E.D. Mich. July 31, 2023).

Respondent subsequently filed a notice of appeal with the Sixth Circuit. *Rush v. Douglas*, No. 2:20-CV-11540 (ECF No. 61). Petitioner filed a motion to be released on bond pending the appeal. This Court denied the motion. (ECF No. 71).

Petitioner filed a motion for reconsideration. For the reasons that follow, the motion is DENIED.

1

Motions for reconsideration of final orders and judgments are no longer permitted under Local Rule 7.1 but must be brought under Federal Rules of Civil Procedure 59(e) or 60(b). *See Ackerman v. Washington*, No. CV 13-14137, 2021 WL 5782896, at *1, n. 1 (E.D. Mich. Dec. 7, 2021)(citing E.D. Mich. LR 7.1(h)(1)).   Petitioner is proceeding *pro se*; the motion for reconsideration is construed as a motion to alter or amend the judgment filed under Fed. R. Civ. P. 59, since both motions are analogous. *Cf. Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999)(treating motion to alter or to amend judgment filed by a *pro se* habeas petitioner as a motion for reconsideration filed under Local Rule 7.1).

The decision of whether to grant a motion to alter or amend the judgment under Fed. R. Civ. P. 59 is discretionary with the district court. *Davis by Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.2d 129, 132 (6th Cir. 1990). A motion to alter or amend the judgment will generally be granted if the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "A Rule 59 motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Brumley v. United Parcel Serv., Inc.,* 909 F.3d 834, 841 (6th

Cir. 2018)(quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486, n. 5 (2008)(additional quotation omitted)).   In addition, a Rule 59(e) motion to alter or amend the judgment is not a substitute for an appeal. *See Johnson v. Henderson,* 229 F. Supp. 2d 793, 796 (N.D. Ohio 2002).

Petitioner claims that this Court improperly considered his prior criminal record and his history of prison misconducts in denying him release on bond. Petitioner does not deny that he has prior convictions or prison misconducts but only argues that some of the prison misconducts were minor misconducts, not major misconducts. Petitioner acknowledges getting into fights while incarcerated, but indicated that "respondent fails to realize this is Prison." (ECF No. 73, PageID.3149).   Petitioner further notes that this Court considered the fact that he had failed several drug tests in prison.   Petitioner in his motion does not deny testing positive for illegal drugs while in prison, but claims that this happened only one time. Lastly, petitioner denies that he was on parole when he was charged with the current offense that he was in prison for, only that he was on probation instead.

Although petitioner quibbles with the details of the Court's findings, he acknowledges having a prior criminal record, was on probation when he was charged with the current offense, had a history of prison misconducts, including for fighting, and that he had used illegal drugs in prison, as evinced

3

Case 2:20-cv-11540-DPH-PTM ECF No. 75, PageID.3167 Filed 05/10/24 Page 4 of 4

by the positive drug test that he admits to. Petitioner's motion does not alter this Court's finding that petitioner is not entitled to release on bond. The motion for reconsideration will be denied, because petitioner merely presents issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied the motion for bond. *See Hence v. Smith,* 49 F. Supp. 2d at 553.

Accordingly, **IT IS ORDERED** that petitioner's motion for reconsideration (ECF No. 73) is **DENIED** and the Requests/Letters/Notices (ECF Nos. 63, 72, 74) regarding requests for bond pending appeal are **DENIED.**

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: May 10, 2024